

**U.S. Department of Justice**

FILED

*United States Attorney*

*District of Maryland*

2015 NOV 13 AM 9: 28

CLERK

AT BALTIMORE

BY_____ DEPUTY

Zachary A. Myers
*Assistant United States Attorney*
*Zachary.Myers @usdoj.gov*

*Suite 400*
*36 S. Charles Street*
*Baltimore, MD 21201-3119*

*DIRECT: 410-209-4848*
*MAIN: 410-209-4800*
*FAX: 410-962-0716*

November 6, 2015

Mr. Scott W. Carter-Eldred
Mr. Brendan A. Hurson
Office of the Federal Public Defender
For the District of Maryland
100 South Charles Street
Tower II, Suite 1100
Baltimore, MD 21201

      Re:    United States v. Michael L. Montague, Criminal No. JKB-15-0080

Dear Messrs. Carter-Eldred and Hurson:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. If this offer has not been accepted by close of business on **November 10, 2015, and accepted by the court no later than November 13, 2015,** it will be deemed withdrawn.

The terms of the agreement are as follows:

### Offenses of Conviction

1.    The Defendant agrees to plead guilty to Counts Two and Four of the Indictment which charge him with Use of Interstate Commerce Facility to Entice a Minor to Engage in Sexual Activity, in violation of Title 18, United States Code, Section 2422(b) and Receipt of Child Pornography, in violation of Title 18, United States Code, Section 2252(a)(2). The Defendant admits that he is, in fact, guilty of these offenses and will so advise the Court.

### Elements of the Offenses

2.    The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

Count Two

        a.      The Defendant knowingly used a facility or means of interstate commerce to persuade, induce, entice or coerce an individual under the age of eighteen to engage in prostitution or sexual activity;

        b.      The Defendant believed that such individual was less than eighteen years of age; and

        c.      Any person could have been charged with a criminal offense for engaging in the specified sexual activity.

Count Four

        a.      On or about the date listed in the Indictment, the Defendant knowingly received a visual depiction;

        b.      The depiction was shipped or transported in and affecting interstate or foreign commerce by any means, including computer;

        c.      Producing the visual depiction involved using a minor engaged in sexually explicit conduct;

        d.      The depiction is of a minor engaged in sexually explicit conduct; and

        e.      The Defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

## Penalties

3.      The maximum sentence provided by statute for the offenses to which your client is pleading guilty are as follows:

        a.      Count Two: imprisonment for not less than ten (10) years and up to life, followed by a term of supervised release of not less than five years and not more than life and a fine of up to $250,000.

        b.      Count Four: imprisonment for not less than fifteen (15) years and up to forty years (40), followed by a term of supervised release of not less than five years and not more than life and a fine of up to $250,000.[1]

4.      In addition, the Defendant must pay $200 as a special assessment pursuant to Title 18, United States Code, Section 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to Title 18, United States Code, Sections 3663, 3663A, and 3664. If a fine or restitution is imposed, it shall be

---

[1] The applicable penalty is enhanced pursuant to 18 U.S.C. § 2252(b)(1) as a result of your client's prior conviction.

payable immediately, unless, pursuant to Title 18, United States Code, Section 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked—even on the last day of the term—and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

5.      The Defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to Title 18, United States Code, Section 2250.

## Waiver of Rights

6.      The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a.      If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.      If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

d.      The Defendant further waives any and all motions, defenses, probable cause determinations, objections which defendant could assert to the indictment or to the Court's entry of judgment against the Defendant, and any imposition of sentence upon the Defendant consistent with this agreement. If Defendant files a notice of appeal, notwithstanding this agreement, Defendant agrees that this case shall be remanded to the district court to determine whether Defendant is in breach of this agreement and, if so, to permit the United States to withdraw from the plea agreement.

e.      The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

f.      If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

g.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

h.      If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

i.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

7.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at Title 18, United States Code, Sections 3551-3742 (excepting Title 18, United States Code, Sections 3553(b)(1) and 3742(e)) and Title 28, United States Code, Sections 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

**Factual and Advisory Guidelines Stipulation**

8.      This Office and the Defendant understand, agree and stipulate to the following Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt and to the following applicable sentencing guidelines factors:

a.      **Base Offense Level:** The base offense level is thirty-two (32) pursuant to U.S.S.G. §2G2.1(a).

b.      **Minor under 16:** Pursuant to U.S.S.G. §2G2.1(b)(1)(B), there is a two (2) level increase because the offense involved a minor who had not yet attained the age of sixteen (16) years.

c.      **Relative of Victim:** The defendant understands and agrees that pursuant to U.S.S.G. §2G2.1(b)(5), the government will argue that there is a two (2) level increase because the Defendant was a relative of the minor involved in the offense. The defendant remains free to argue that this adjustment does not apply.

d.      **Misrepresentation of Identity:** Pursuant to U.S.S.G. §2G2.1(b)(6), there is a two (2) level increase because for the purpose of producing sexually explicit material, the Defendant knowingly misrepresented his identity in order to persuade, induce, and entice Boy 1 to engage in sexually explicit conduct.

e.      **Repeat and Dangerous Sex Offender Against Minors:** The defendant committed the instant offense subsequent to sustaining at least one sex offense conviction. Pursuant to U.S.S.G. §4B1.5(a)(1)(A), if the Court finds that the defendant is a relative of the victim under U.S.S.G. §2G2.1(b)(5) there is no increase in the offense level, because the offense level calculated pursuant to Chapters Two and Three would exceed thirty-seven (37) prior to any adjustment for acceptance of responsibility. If the Court finds that U.S.S.G. §2G2.1(b)(5) does not apply, the underlying offense level will be increased to thirty-seven (37).

9.      This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon your client's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office intends to make a motion pursuant to U.S.S.G. §3E1.1(b) for an additional 1-level decrease, assuming your client continues to acceptance of personal responsibility for his conduct up to, and through, his sentencing. This Office may oppose any adjustment for acceptance of responsibility if your client (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office or the United States Probation Officer; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

10.     Thus, the final anticipated adjusted offense level is thirty-five (35) if the Court finds that U.S.S.G. §2G2.1(b)(5) applies, and thirty-four (34) if the adjustment does not apply.

11.     The Defendant understands that the Court will find that his criminal history category is V, pursuant to U.S.S.G. §4B1.5(a)(2), because the defendant committed the instant offense subsequent to sustaining at least one sex offense conviction.

12.     This Office and the Defendant agree that, with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in Chapters 2, 3, 4 or 5 of the United States Sentencing Guidelines (other than those stated in ¶¶ 9 and 13, supra) will be raised or are in dispute.

## 18 U.S.C. § 3553(a)

13.     This Office and the Defendant agree that both parties reserve the right to argue that this Court should sentence the Defendant to a variant sentence outside of the advisory guidelines range determined by the Court. This Office and the Defendant stipulate and agree that if either party intends to argue, pursuant to Title 18, United States Code, Section 3553(a), that the sentence in this case should fall outside of the advisory guidelines range based on any factor, that party will notify opposing counsel at least 14 days in advance of sentencing of the facts or issues the party intends to raise. If the party seeking the non-guideline sentence fails to provide timely notice of the intent to argue for a sentence outside the advisory guidelines range, that party will withdraw the 3553(a) arguments or consent to a continuance of the sentencing date.

## Obligations of the United States Attorney's Office

14.     At the time of sentencing, the United States Attorney's Office will recommend a reasonable sentence, giving due consideration to the advisory U.S.S.G. range, and a lifetime period of supervised release.

15.     The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

## Waiver of Appeal

16.     In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a.     The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

b.     The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

        c.      Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

        d.      The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

        17.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under USSG §3C1.1, (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw his guilty plea or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

## Court Not a Party

        18.     The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulations set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulations in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulations, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

## Forfeiture

19.     The Defendant agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from his residence on March 28, 2014, including, but not limited to: a Cricket ZTE N8000 cell phone and 4GB Micro SD card. He further agrees to take whatever steps are necessary to pass clear title to those properties to the United States.

## Restitution

20.     For purposes of sentencing, the Defendant agrees that the plea agreement arises from conduct in violation of Title 18, United States Code, Section 2251(a). Therefore, under Title 18 United States Code, Sections 3663A, 2259, and 3771, any identified victim is entitled to mandatory restitution. The restitution could include the medical bills, compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected. 18 U.S.C. §§ 2259, 3663A(b)(2) and (4). The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea.

## Entire Agreement

21.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By:     Zachary A. Myers
        Judson T. Mihok
        Assistant United States Attorney

Page 8 of 9

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorneys. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorneys, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorneys.

_____          _____

Date                                   Michael L. Montague

We are Michael L. Montague's attorneys. We have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises us that he understands and accepts its terms. To our knowledge, his decision to enter into this agreement is an informed and voluntary one.

_____          _____

Date                                   Scott W. Carter-Eldred, Esq.
                                       Brendan A. Hurson, Esq.

## EXHIBIT A
## STIPULATED FACTS

*The undersigned parties hereby stipulate and agree that if this case had proceeded to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

The Defendant, Michael L. Montague, age 65, is a former resident of Gwynn Oak, Maryland. On May 19, 2009, in the Circuit Court for Baltimore County, Maryland, in Case No. 03K08001924, Montague was convicted of Child Abuse and Sex Offense in the Third Degree for his sexual abuse of Girl 1 and Girl 2. Montague was sentenced to three unsuspended years of incarceration.

Beginning February 16, 2014, and continuing until March 26, 2014, Montague used his Cricket ZTE N8000 mobile phone to contact Boy 1. Montague knew Boy 1, and knew that Boy 1 was 12 years old at the time of their communications. Montague used a mobile application to contact Boy 1 using a number different from the telephone number assigned to Montague's phone. Using this disguised number, Montague contacted Boy 1 and claimed to be "Gail," a classmate of Boy 1's. Posing as "Gail," Montague engaged in sexually explicit text and email communications with Boy 1. Text messaging and email are facilities of interstate and foreign commerce.

Montague, induced, persuaded and enticed Boy 1 to take a picture of Boy 1's penis, and send it to Montague, which Boy 1 did. Montague sent sexually explicit images and videos of females to Boy 1 in exchange. Montague also sent messages to Boy 1 posing as a male classmate of Boy 1 who also knew Montague and "Gail."

"Gail" wrote to Boy 1 that she knew Montague, and that Boy 1 should send pictures of himself to Montague, and Montague would send Boy 1 pictures of "Gail." "Gail" told Boy 1 that

1

Montague had very nice pictures of "Gail" that Boy 1 should ask Montague to see. "Gail" suggested that Boy 1 seek permission to stay with Montague for a weekend so that "Gail" and Boy 1 could meet for a sexual encounter. "Gail" also told Boy 1 that she could get Montague to make a sexual video of her, and that then Boy 1 should let Montague make a sexual video with Boy 1.

Forensic examination of Montague's phone revealed sexually explicit communications with Boy 1, sexually explicit images and videos Montague sent to Boy 1, and an image of Boy 1's erect penis.

I have read this statement of facts, and carefully reviewed it with my attorney. I acknowledge that it is true and correct.

___11/9/2015___

Date

Michael L. Montague

We are Mr. Montague's attorneys. We have carefully reviewed every part of this Statement of Facts with him. To our knowledge, his decision to sign is an informed and voluntary one.

___11/9/2015___

Date

Scott W. Carter-Eldred, Esq.
Brendan A. Hurson, Esq.

2